UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NOEL BUTCHER                                CIVIL ACTION

VERSUS                                      NO: 07-8136

SUPERIOR OFFSHORE                           SECTION: R(4)
INTERNATIONAL, LLC

**ORDER AND REASONS**

Before the Court is third-party plaintiff Triumph Marine Inc.'s Rule 56(f) motion to deny, continue, or for other relief in connection with Marlin Energy, LLC's motion for summary judgment.[1]

Marlin filed its motion for summary judgment on July 6, 2010.[2] Triumph contends that the motion is premature because it is still engaged in discovery.[3] Triumph moves the Court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure,

---

[1]     (R. Doc. 127, 130.)

[2]     (R. Doc. 127.)

[3]     (R. Doc. 127, 133.)

to deny Marlin's motion for summary judgment, continue it "until such time as discovery can be conducted, or grant Triumph such other relief as it may be entitled to."[4]  Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) deny the motion;
>>
>> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>>
>> (3) issue any other just order.

Fed. R. Civ. P. 56(f).  A plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited.  *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).  Rule 56(f) is designed to safeguard against a premature or improvident grant of summary judgment.  *Id.*  It "bids the courts to exercise a spirit of liberality in granting time enough for the parties reasonable to develop the full facts upon the issues presented."  *Slagle v. United States*, 228 F.2d 673, 678 (5th Cir. 1956).

Triumph's motion was filed on July 13, 2010.  Triumph did not specify the amount of additional time required for discovery, but instead sought an open-ended continuance.  In the meantime, Triumph has been granted a *de facto* continuance of over two months.  Because Triumph has been permitted a reasonable time to

---

[4]     (R. Doc. 127.)

conduct discovery, a further continuance is unnecessary to protect against a premature or improvident grant of summary judgment.

Accordingly, Triumph's motion is DENIED and Triumph is ORDERED to file a response to Marlin's motion for summary judgment within 10 days.

New Orleans, Louisiana, this 30th day of September, 2010.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE